UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS JEFFERSON DAVIS,

    Petitioner,              Civil No. 05-73609-DT
                                       HONORABLE BERNARD A. FRIEDMAN
v.                               CHIEF UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Thomas Jefferson Davis, ("petitioner"), presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316; M.S.A. 28.548. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offense following a jury trial in the Detroit Recorder's Court and was sentenced on July 28, 1987.

1

Petitioner's conviction was affirmed on direct appeal. *People v. Davis,* 122177 (Mich.Ct.App. January 27, 1992); *lv. den.* 441 Mich. 899; 495 N.W. 2d 390 (1992); *reconsideration den.* 441 Mich. 899; 498 N.W. 2d 741 (1993).

On October 28, 1993, petitioner filed a motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.* After the trial court and the Michigan Court of Appeals denied petitioner's motion for relief from judgment, state post-conviction proceedings were concluded in this matter when the Michigan Supreme Court denied petitioner's application for leave to appeal on May 31, 1996. *People v. Davis,* 451 Mich. 909; 550 N.W. 2d 529 (1996).

On October 8, 1998, petitioner filed a second motion for relief from judgment with the trial court. After this second motion was denied by the trial court and the Michigan Court of Appeals, post-conviction proceedings were concluded on February 26, 2001, when the Michigan Supreme Court denied petitioner leave to appeal. *People v. Davis,* 463 Mich. 974; 623 N.W. 2d 598 (2001).

The instant petition was signed and dated September 15, 2005. [1]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 15, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not

been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner's motion for reconsideration of the denial of his application for leave to appeal on February 26, 1993. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on May 27, 1993, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub,* 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). However, because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-1075 (E.D. Mich. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

In the present case, petitioner filed a post-conviction motion for relief from judgment with the state trial court on October 28, 1993, prior to the enactment of the AEDPA's statute of limitations. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction

4

relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).  Because petitioner's first post-conviction motion was still pending in the state courts on the enactment date of the AEDPA, the one year grace period for filing a habeas petition was further tolled until the conclusion of petitioner's state post-conviction proceedings. *See Gendron v. United States,* 154 F. 3d 672, 675 (7th Cir. 1998).  Post-conviction review of petitioner's first motion for relief from judgment was concluded when the Michigan Supreme Court denied petitioner's application for leave to appeal on May 31, 1996.  The one year limitations period was further tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion expired, which in this case was August 29, 1996. *See Abela v. Martin,* 348 F. 3d 164, 172-73 (6th Cir. 2003).  Petitioner therefore had until August 29, 1997 to timely file his petition with this Court.

Petitioner filed a second motion for relief from judgment with the trial court on October 8, 1998, after the one year limitations period had already expired.  A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Smith v. Stegall,* 141 F. Supp. 2d 779, 782-783 (E.D. Mich. 2001).  If the one year limitations period has already expired,

filing a motion for state post-conviction relief will not add new time to the limitations period. *Id.;See also Grayson v. Grayson,* 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

Most importantly, even if the limitations period was somehow tolled until petitioner's second motion for relief from judgment was denied by the state courts, the petition would nonetheless be untimely. The Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his second post-conviction motion on February 26, 2001. Assuming that the limitations period was tolled for the additional ninety day period for seeking certiorari review with the U.S. Supreme Court, *See Abela,* 348 F. 3d at 172-73, the tolling of the limitations period ended at the very latest on May 27, 2001. Petitioner had until May 27, 2002 to timely file his habeas petition with this Court. Because the instant petition was not filed until over three years later on September 15, 2005, it is untimely, even if the Court tolls the limitations period for the entire time that both of petitioner's post-conviction actions were pending in the state courts. *See Klopp v. Wolfe,* 8 Fed. Appx. 444, 446 (6th Cir. 2001)(although state prisoner's filing of two state post-conviction petitions tolled the statute of limitations for his federal habeas petition, his federal petition, filed well past deadline, was still

untimely).

In his response to the motion for summary judgment, petitioner first appears to argue that the commencement of the one year limitations period should be delayed until the time that he discovered that one of the prosecution witnesses, Fred Davis, had committed perjury against him at his trial.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. Under § 2244(d)(1)(D), the one-year limitations period begins to run when a witness executes an affidavit recanting his or her trial testimony. *See Daniels v. Uchtman,* 421 F. 3d 490, 491 (7th Cir. 2005). In the present case, Fred Davis signed an affidavit for petitioner's state post-conviction counsel on May 10, 1993, in which he indicated that some of his trial testimony was inaccurate. Davis testified at an evidentiary hearing on petitioner's first post-conviction motion on January 21, 1994. Because petitioner was aware of Davis' recantation prior to the enactment date of the AEDPA, § 2244(d)(1)(D) would not further delay the commencement of the one year limitations period.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit also noted

that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner first appears to argue that the statute of limitations should be equitably tolled because he was denied the effective assistance of counsel. Ineffective assistance of counsel does not generally warrant the equitable tolling of the AEDPA's limitations period. *Beery v. Ault,* 312 F. 3d 948, 951 (8th Cir. 2002).  A habeas petitioner is not entitled to equitable tolling of the AEDPA's limitations period on the basis of an allegation of ineffective assistance of counsel, where these allegations have no bearing on the untimely filing of a habeas petition. *See McLester v. Hopper,* 67 F. Supp. 2d 1308, 1310-1311 (M.D. Ala. 1999).  Because petitioner does not allege that either trial or appellate counsel's performance created obstacles to the timely filing of the petition in this case, he is not entitled to equitable tolling on this basis. *See Celaj v. Artuz,* 49 Fed. Appx. 331, 334 (2nd Cir. 2002).

Petitioner also argues that the one year limitations period should be tolled because he is actually innocent of the first-degree murder conviction.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In his petition and in his response to the motion for summary judgment, petitioner argues that he is actually innocent of the murder, because Fred Davis, one of the two witnesses who identified petitioner as the person who stabbed the victim in this case, later recanted his trial testimony.

In his affidavit, Fred Davis indicated that he had consumed alcohol the

night before the murder and was hung over at the time that he witnessed the murder. However, Davis indicated that he had testified falsely at petitioner's trial that he had not been drinking alcohol the night before the murder. Davis further indicated that he had identified petitioner and his co-defendant Paul Meaux at trial as the assailants. Davis indicated in his affidavit that he was too "hung over" and the action was too far away for him to identify the persons committing the murder. Davis lastly indicated that he had testified at trial that his bedroom window was opened at the time of the murder, but he now claimed that the window was closed and had plastic over it to keep the wind out and that this plastic made it more difficult to see clearly out the window. Davis could not explain in his affidavit why he had testified at trial that he could positively identify the victim's assailants. Although he indicated that there was some discussion about the victim's family offering money for testimony, Davis denied accepting any money. [2]

     As an initial matter, it is unclear whether Davis' alleged recantation would constitute new evidence of innocence. At least one court has held that the subsequent recantation by a prosecution witness does not constitute "newly discovered evidence", since cross-examination at trial affords defense counsel an opportunity to discover and reveal the motivation for, and the alleged falsity of, the witness' testimony. *See Hankison v. Board of Prison Terms,* 768 F. Supp. 720, 723 (C.D. Cal. 1991)(internal citations omitted).

---

[2] *See* Appendix B, attached to the Petition for Writ of Habeas Corpus.

Petitioner has also failed to show that this evidence is reliable. Recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991). "[A] repudiated recantation can never be reliable enough to satisfy [the requirements of] *Schlup. Carriger v. Stewart,* 132 F. 3d 463, 482 (9th Cir. 1997). This is particularly so in the case of Mr. Davis, who waited over six years before recanting his trial testimony. Moreover, at the evidentiary hearing on petitioner's post-conviction hearing, Mr. Davis indicated that he had only decided to recant his trial testimony after his brother-in-law, who was incarcerated in prison, asked Davis if he knew the petitioner. Davis acknowledged that he never wrote a letter to the judge or anyone else about his allegedly false trial testimony and it was only after petitioner's post-conviction counsel contacted him that he agreed to recant his testimony. Finally, as the state trial court noted in denying petitioner's motion for relief from judgment, Davis' vacillation back and forth as to the truthfulness and accuracy of his trial testimony defeats the reliability of his recantation to support an actual innocence exception to the AEDPA's limitations period. *See United States v. Loudner,* 203 F. Supp. 2d 1083, 1099-1100 (D.S.D. 2002).

Most importantly, even if Davis' repudiation of his trial testimony was credible, it would nonetheless be insufficient to establish petitioner's actual innocence, so as to excuse the limitations period. Davis' affidavit or his post-conviction testimony did not conclusively establish that petitioner was not one of

11

the persons who murdered the victim, only that Davis could no longer postively identify him as being one of the assailants. Because another witness, Velma Smith, positively identified petitioner as one of the murderers, and Davis could not postively exclude petitioner from being one of the assailants, Davis' alleged recantation of his trial testimony is insufficient to establish petitioner's innocence so as to toll the limitations period. *See Tate v. Pierson*, 177 F. Supp. 2d 792, 802 (N.D. Ill. 2001).

It also appears that petitioner argues that he is actually innocent of the murder, based on his co-defendant's alibi, which placed the co-defendant at the Detroit Recorder's Court at the time of the murder and which lead to the co-defendant's acquittal by the judge sitting as the finder of fact without a jury. As an initial matter, the fact that the co-defendant was acquitted of the murder charge does not establish petitioner's actual innocence of the murder. *Cf. Gomez v. Jaimet,* 350 F. 3d 673, 679 (7th Cir. 2003)(that accomplice's state-court conviction for first-degree murder was overturned on appeal based on the insufficiency of evidence to support the conviction did not provide grounds, in itself, to find that the petitioner overcame procedural default of his ineffective assistance of counsel claim, based on an actual innocence exception). The federal constitution does not require that verdicts in a criminal case between different defendants be consistent. *Id.* Moreover, petitioner offered a distinct alibi defense at his trial that he was at home with his parents at the time of the murder. Because of the

distinct and different alibi defenses offered by petitioner and his co-defendant, the fact that the co-defendant was acquitted would not create a reasonable doubt as to petitioner's guilt. *See People v. Williams,* 117 Ill. App. 2d 34, 45; 254 N.E. 2d 81 (Ill. App. 1969).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1).  Accordingly, the Court will summarily dismiss the current petition.  The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether

the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753.  In particular, because petitioner's actual innocence argument is insufficiently convincing, he is not entitled to a certificate of appealability on this issue. *See e.g. Whitebird v. Snider,* 28 Fed. Appx. 783, 786 (10th Cir. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

          ____s/Bernard A. Friedman_____
          **HON. BERNARD A. FRIEDMAN**
          CHIEF UNITED STATES DISTRICT JUDGE

DATED: January 10, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2006, by electronic and/or ordinary mail.

      s/Carol Mullins
      Case Manager